## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

_____

|  |  |  |
|---|---|---|
| APPLIED INDUSTRIAL TECHNOLOGIES, INC. | ) ) ) | CASE NO. |
| Plaintiff, | ) ) | JUDGE |
| vs. | ) ) ) | |
| APPLIED HOME HEALTHCARE EQUIPMENT, LLC, | ) ) ) | **DEMAND FOR JURY TRIAL** |
| Defendant. | ) ) | |

_____

### COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

Plaintiff Applied Industrial Technologies, Inc. ("Plaintiff" or "AIT") for its complaint against Defendant Applied Home Healthcare Equipment, LLC ("Defendant" or "AHHE") alleges as follows:

### PARTIES

**1.** Plaintiff AIT is a corporation formed under the laws of the State of Ohio with a principal place of business located at One Applied Plaza, Cleveland, Ohio 44115.  AIT is a public, global company and one of the largest industrial suppliers in the United States.

**2.** On information and belief, Defendant AHHE is a company formed under the laws of the State of Ohio and has a principal place of business at 28825 Ranney Parkway, Westlake, Ohio 44145.

## JURISDICTION AND VENUE

**3.** In this action, AIT's claims against AHHE are for trademark infringement under 15 U.S.C. § 1114 *et seq*., and more particularly, for infringement of AIT's registered trademarks (as defined below); for false designation of origin and unfair competition under 15 U.S.C. § 1125(a); for common law trademark infringement and unfair competition under the laws of Ohio; and for trademark infringement and unfair competition under § 4165.02 *et. seq.* of the Ohio Revised Code.

**4.** This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1131, 1338, 1367 and 15 U.S.C. § 1121.

**5.** This Court has personal jurisdiction over AHHE pursuant to the laws of the United States. On information and belief, AHHE is domiciled within the State of Ohio and contracts to supply goods or services in the State of Ohio.

**6.** Venue is proper in this District pursuant to 28 U.S.C. § 1391, as AHHE is subject to personal jurisdiction in this District, and because AHHE resides in this District.

## PLAINTIFF AND THE REGISTERED TRADEMARKS

**7.** Plaintiff AIT was founded over 90 years ago as The Ohio Ball Bearing Company in 1923 and has grown to become a leader in industrial supply. Plaintiff AIT has developed into a multi-national enterprise and offers a variety of products and services including distributorship services in the field of industrial components.

**8.** Since at least as early as 1997, The Ohio Ball Bearing Company changed its name to Applied Industrial Technologies, Inc. to more accurately reflect its diversified product lines.

Applied Industrial Technologies is currently traded on the New York Stock Exchange with the symbol AIT.

**9.**   On September 16, 1996, Bearings, Inc. a predecessor company to AIT, filed a U.S. trademark application, Application Serial No. 75/166,887, for mark APPLIED and design ( APPLIED ), which later registered on the Principal Register as U.S. Trademark Registration No. 2,135,072 (the "'072 Registration") on February 3, 1998 in connection with:

> Distributorship services in the field of industrial components, namely, bearings, power transmission devices, rubber products, electrical products, namely, AC and DC motors, adjustable speed drives, electric clutches and brakes, and parts and components thereof, and fluid power products in International Class 042.

A copy of the '072 Registration and TSDR status report is attached as Exhibit A.

**10.**  The trademark application which registered as the '072 Registration was assigned to AIT on December 19, 1996.  The Assignment was recorded at the U.S. Patent and Trademark Office on February 20, 1997 on Reel 1554/Frame 0130.

**11.**  Since at least July 18, 1996, AIT has continuously and extensively used the mark of the '072 Registration in connection with the services cited in the registration.

**12.**  As a result of AIT's extensive and continued use of the mark APPLIED and design, the '072 Registration obtained incontestable status as provided under 15 U.S.C. § 1065.

**13.**  AIT also owns U.S. Trademark Registration No. 2,109,995 (the "'995 Registration") for the design mark in connection with:

> Distributorship services in the field of industrial components, namely, bearings, power transmission devices, rubber products, electrical products, and fluid power products in International Class 042.

The mark subject of the '995 Registration was filed July 22, 1996 and registered on the Principal Register on October 28, 1997.  A copy of the '995 Registration and TSDR status report is attached as Exhibit B.

14. Since at least July 1996, AIT has continuously and extensively used the mark of the '995 Registration in connection with the services cited in the registration.

15. As a result of AIT's extensive and continued use of the mark , the '995 Registration obtained incontestable status as provided under 15 U.S.C. § 1065.

16. AIT also owns U.S. Trademark Registration No. 2,133,862 (the "'862 Registration") for the mark APPLIED INDUSTRIAL TECHNOLOGIES and design () in connection with:

> Distributorship services in the field of industrial components, namely, bearings, power transmission devices, rubber products, electrical products, namely, AC and DC motors, adjustable speed drives, electric clutches and brakes, and parts and components thereof, and fluid power products in International Class 042.

The mark subject of the '862 Registration was filed July 25, 1996 and registered on the Principal Register on February 3, 1998.  A copy of the '862 Registration and TSDR status report is attached as Exhibit C.

17. Since at least July 1996, AIT has continuously and extensively used the mark of the '862 Registration in connection with the services cited in the registration.

18. As a result of AIT's extensive and continued use of the mark APPLIED INDUSTRIAL TECHNOLOGIES and design (), the '862 Registration obtained incontestable status as provided under 15 U.S.C. § 1065.

19. AIT also owns U.S. Trademark Registration No. 2,156,021 (the "'021 Registration") for the mark APPLIED INDUSTRIAL TECHNOLOGIES in connection with:

> Distributorship services in the field of industrial components, namely, bearings, power transmission devices, rubber products, electrical products and fluid power products in International Class 042.

The mark subject of the '021 Registration was filed February 26, 1996 and registered on the Principal Register on May 12, 1998.  A copy of the '021 Registration and TSDR status report is attached as Exhibit D.

20. Since at least July 1996, AIT has continuously and extensively used the mark of the '021 Registration in connection with the services cited in the registration.

21. As a result of AIT's extensive and continued use of the mark APPLIED INDUSTRIAL TECHNOLOGIES, the '021 Registration obtained incontestable status as provided under 15 U.S.C. § 1065.

22. On September 14, 2000, AIT filed a U.S. trademark application, Application Serial No. 76/127,870, for the standard character mark APPLIED, which later registered on the Principal Register on September 4, 2001, as U.S. Trademark Registration No. 2,485,215 (the "'215 Registration") in connection with:

> Distributorship services in the field of industrial components namely bearings; power transmission devices; rubber products; electrical products; linear products; mechanical services; specialty products; general industrial/mill supply; precision mechanical components; spindles-live/dead centers universal joints; maintenance, analytical tools and accessories; and fluid power products in International Class 035.

A copy of the '215 Registration and TSDR status report is attached as Exhibit E.

23. AIT owns the '215 Registration.

24. Since at least July 18, 1996, AIT has continuously and extensively used the mark of the '215 Registration in connection with the services cited in the registration.

25. As a result of AIT's extensive and continued use of the mark APPLIED, the '215 Registration obtained incontestable status as provided under 15 U.S.C. § 1065.

**26.** AIT also owns U.S. Trademark Registration No. 2,397,041 (the "'041 Registration") for the mark APPLIED INDUSTRIAL TECHNOLOGIES in connection with:

> Industrial products, namely, commercial bearings, fluid power units, and maintenance kits consisting primarily of the same in International Class 007; and,

> Industrial products made of rubber, namely commercial O-rings and hoses, and maintenance kits primarily of the same in International Class 017.

The mark subject of the '041 Registration was filed February 1, 1999 and registered on the Principal Register on October 24, 2000.  A copy of the '041 Registration and TSDR status report is attached as Exhibit F.

**27.** Since at least January 1997, AIT has continuously and extensively used the mark of the '041 Registration in connection with the goods cited in the registration.

**28.** As a result of AIT's extensive and continued use of the mark APPLIED INDUSTRIAL TECHNOLOGIES, the '041 Registration obtained incontestable status as provided under 15 U.S.C. § 1065.

**29.** AIT also owns U.S. Trademark Registration No. 4,708,781 (the "'781 Registration") for the mark A APPLIED MAINTENANCE SUPPLIES & SOLUTIONS and design ( APPLIED )in connection with:

> Vending services, namely, providing and stocking vending machines for use by others, which vending machines include industrial goods and supplies; inventory management services; inventory management and control services; procurement, namely, purchasing facility and maintenance supplies for others; bin and storeroom management services for industrial goods and supplies; vending services for goods and supplies, namely, providing and stocking vending machines for use by others, which vending machines include fasteners, screws, bolts, nuts, paint, industrial chemicals, cleaning chemicals, cutting tools, cutting abrasives, electrical tape, electrical cables, electrical goods, electrical fittings, safety equipment, personal protective equipment, janitorial supplies, shop supplies, transportation goods, pipes, valves and fittings in International Class 035.

6

The mark subject of the '781 Registration was filed April 05, 2013 and registered on the Principal Register on March 24, 2015. A copy of the '781 Registration and TSDR status report is attached as Exhibit G.

**30.** AIT also owns U.S. Trademark Registration No. 4,791,157 (the "'157 Registration") for the mark A and design (  ) in connection with:

Industrial chemicals; industrial cleaning chemicals; cutting tool coolant in International Class 001;

Paint in International Class 002;

Automotive cleaners, glass cleaners, all-purpose cleaners, hand soaps, cleaning chemicals in the nature of cleaners, namely, carpet cleansers and laundry detergents in International Class 003;

Industrial lubricants in International Class 004;

Machine belt fasteners of metal, metal screws, metal bolts, metal nuts; metal welding rods, metal pipes; manually operated metal valves; hose products, namely, metal hose fittings in International Class 006;

Cutting tools, namely, cutting machines, power-operated pipe cutters; cutting abrasives, namely, computer-controlled, power-operated machine tool for abrasive jet cutting; grinding abrasives, namely, abrasive wheels for power-operated grinders; Power-operated cutting tools, namely, power drill bits, power saw blades; power cutting tools, namely, burrs, power-operated hole saws, arbor, burs, screw extractor, and pipe die; Janitorial supplies, namely, vacuum cleaners, automatic floor scrubbers, power-operated bottle sprayers, electric drum pumps, power-operated tank sprayers; electrical goods not for land vehicles, namely, power transmissions and parts therefor, all for power industrial equipment in International Class 007;

Hand-operated cutting tools, namely, bolt cutters, wire cutters, and pipe cutters; hand-operated cutting tools, namely, drill bits for hand drills, hand operated pipe die, arbor, burs, screw extractor, and hand operated pipe cutters; Janitorial supplies, namely, hand-pumped bottle sprayers, hand-operated drum pumps, and hand-operated tank sprayers, all for the janitorial industry in International Class 008;

Electrical cables; electrical goods, namely, computers; electrical fittings, namely, connection fittings for electric cables, wires and conductors; automatic valves; safety equipment, namely, fall-protecting equipment in the nature of anchor beams, suspension straps, lanyards, life line ropes, rescue pulley for lifting persons; safety equipment, namely, rescue ladders, respirators for artificial respiration; personal protective equipment, namely,

safety goggles, safety eyeglasses, protective work gloves, fire resistant gloves, safety helmet, safety harnesses being fall protection equipment, knee pads for workers, elbow pads for workers for industrial use, foot covers for improving traction on hazardous surfaces and for protecting a user's foot from injury; personal protective equipment, namely, protective padded clothing for protection against bodily harm and blunt force trauma, namely, safety vests, caps, and bandanas, sweat band, protective clothing, face masks, coats, jackets, coveralls, overalls, hats, pants, shorts, rain coat, ponchos, shirts, ear muffs and bibs; personal protective equipment, namely, protective body cooling gear in the nature of cooling blankets and hydration packs used to cool the body and prevent injury due to overheating; back supports sold as integral component parts of protective clothing for protection against bodily harm; personal protective equipment, namely, protective padded clothing for protection against bodily harm and blunt force trauma in the nature of protective clothing featuring back supports sold as integral component parts of such clothing and back supports in the form of vests and belts used to support the back when lifting objects not for medical purposes in International Class 009;

Personal protective equipment, namely, ear plugs for noise reduction in International Class 010;

Janitorial supplies and shop supplies, namely, trash bags, trash can liners in International Class 016;

Electrical tape in international Class 017;

Non-metal threaded fasteners, non-metal nuts; plastic welding rods; welding products, namely, plastic welding rods in International Class 020; and,

Janitorial supplies and shop supplies, namely, mops and mops for cleaning shops, brooms, floor brushes, dusters, squeegee, reusable cleaning rags and cleaning cloths, cleaning sponges, and scrubbers in the nature of cleaning sponges in International Class 021.

The mark subject of the '157 Registration was filed August 01, 2013 and registered on the Principal Register on August 11, 2011.  A copy of the '157 Registration and TSDR status report is attached as Exhibit H.

**31.** AIT also owns U.S. Trademark Registration No. 5,147,533 (the "'533 Registration") for the mark APPLIED FLUID POWER in connection with:

Industrial machine components, namely, hydraulic or pneumatic motors, hoses, pumps, compressors, accumulators, reservoirs, cylinders, filters, valves and parts therefor in International Class 007; and,

> Distributorship services in the field of industrial components, namely, fluid power products in International Class 035.

The mark subject of the '533 Registration was filed September 10, 2015 and registered on the Principal Register on February 21, 2017.  A copy of the '533 Registration and TSDR Status report is Attached as Exhibit I.

**32.** AIT also owns U.S. Trademark Registration No. 5,192,653 (the "'653 Registration") for the mark APPLIED FLUID POWER in connection with:

> Industrial machine fluid power components, namely, hydraulic or pneumatic motors, hoses, pumps, compressors, accumulators, reservoirs, cylinders, filters, valves and parts therefor; hydraulic power units; hydraulic pumps; motors other than for land vehicles; hydraulic reservoirs for industrial machines in International Class 007; and,

> Distributorship services in the field of industrial components, namely, fluid power products in International Class 035.

**33.** The mark subject of the '653 Registration was filed March 23, 2016 and registered on the Principal Register on April 25, 2017.  A copy of the '653 Registration and TSDR status report is attached as Exhibit J.

**34.** The '072, '995, '862, '021, '215, '041, '781, '157, '533, and '653 Registrations (collectively the "APPLIED Registrations") are exclusively identified with AIT and embodies AIT's goodwill and reputation in the industrial supply industry to its customers, potential customers, and consumers throughout the United States.

**35.** Consequently, the APPLIED Registrations have identified, and continue to identify, AIT as the source of industrial goods and distributorship services in the field of industrial components.

**36.** AIT has invested heavily in registering, marketing and promoting its protected APPLIED Registrations and other related trademarks.

**37.** AIT has promoted and established the APPLIED Registrations as source-identifying trademarks on AIT's website, and through other avenues of advertising common to the trade.

### DEFENDANT'S INFRINGEMENT OF AIT'S REGISTERED TRADEMARKS

**38.** On information and belief, AHHE maintains a website registered under the domain name https://applied-inc.com ("Defendant's Website").  Defendant's Website allows web users to browse for and purchase listed products.  A homepage copied from Defendant's Website is attached hereto as Exhibit K.

**39.** On information and belief, from at least June 2003 to sometime between October 2017 and July 2018, AHHE used a curved three stripe design over the words APPLIED HOME HEALTHCARE EQUIPMENT within an oval, illustrated *below*.  (See the attached Exhibit L, June 2003 – October 2017 website captures of applied-inc.com via archive.org.).



*AHHE Logo from archived Applied-inc.com websites*

**40.** On information and belief, sometime during the period of October 2017 to July 2018, AHHE adopted the use of a logo using the prominent term "APPLIED" over the words "Home Healthcare Equipment" next to a stylized "A." (See the attached Exhibit M, July 2018 website capture of applied-inc.com via archive.org.)



*AHHE Logo from Applied-inc.com*

**41.** On information and belief, AHHE has and continues to market, promote, offer for sale, and sell its products and services using a mark that prominently features the word APPLIED, which incorporates and infringes AIT's APPLIED Registrations.  The manner of use is almost identical to the way AIT uses its APPLIED formative marks on its website and advertising.   Example of such infringement is shown below in comparison to the APPLIED Registrations.

|  |  |
|:---:|:---:|
| **Plaintiff** | **Defendant** |





U.S. Reg. No. 2,133,862



U.S. Reg. No. 2,109,995 and
U.S. Reg. No. 4,791,157



U.S. Reg. No. 2,135,072

**APPLIED INDUSTRIAL TECHNOLOGIES**

U.S. Reg. No. 2,156,021 and
U.S. Reg. No. 2,397,041

# APPLIED

U.S. Reg. No. 2,485,215





U.S. Reg. No. 4,708,781

**Plaintiff**                                                    **Defendant**

# APPLIED FLUID POWER

U.S. Reg. No. 5,147,533 and
U.S. Reg. No. 5,192,653

**42.** On information and belief, AHHE displays the word APPLIED in a blue color and a stylized *A* in a substantially white color against a solid background.  AIT, since at least as early as 2007, has used a shade of blue in displaying its APPLIED marks, and a stylized *A* in white over a darker background. Thus, the way AHHE displays its APPLIED logo is confusingly similar to how AIT has and continues to use its APPLIED logo.  A comparison illustrating the similar use of a blue color and white *A* is provided above.  *See also* Exhibit N, a screen shot of the January - June 2007 Applied Industrial Technologies ® Mini Catalog.

**43.** On information and belief, AHHE operates a YouTube® channel under the name "Applied HHE" and uses its stylized A before the term APPLIED, similar to how AIT uses it's APPLIED marks.  *See* the attached Exhibit O and comparison above.

**44.** On information and belief, AHHE offers products on its website, which are also offered by AIT.  Copies of AHHE and AIT websites offering similar products are attached as Exhibit P.  It is to be understood that the listings of Exhibit P are merely non-limiting examples representative of shared product categories and as such are not exhaustive of all shared product categories.

**45.** On information and belief, AHHE uses its APPLIED mark at industry trade shows.  *See* Exhibit Q, a screenshot of AHHE's website with a photo of AHHE's tradeshow booth and use of its APPLIED mark and photograph found in a Google® search.

**46.** Defendant's infringement of the APPLIED Registrations has caused, is causing, and is likely in the future to cause confusion, deception, and mistake concerning (a) the source of

AHHE's services; (b) affiliation, connection, or association between AIT and AHHE; and (c) AIT's sponsorship or approval of AHHE's goods and services.

**47.** Defendant's infringement has tarnished, is tarnishing, and likely will in the future further tarnish AIT's reputation, and damage or destroy the goodwill embodiment in the APPLIED Registrations.

**48.** On information and belief, AHHE was and has been on notice of AIT's exclusive rights of the APPLIED Registrations since as early as February 3, 1998, (the respective day that the first APPLIED and design trademark was registered).

**49.** On information and belief, AHHE was and has been on notice of AIT's exclusive rights of at least the '215 Registration through, *inter alia*, AIT's initial cease and desist letter dated October 31, 2018 to Applied Home HealthCare Equipment LLC. A copy of the Initial Cease and Desist letter is attached hereto as Exhibit R.

**50.** On information and belief, AHHE retained the law firm Walker & Jocke Co., LPC and sent a reply letter dated November 20, 2018 which denied any violation of trademark rights. A copy of the response is attached hereto as Exhibit S.

**51.** On information and belief, AHHE continues to knowingly, willfully, and intentionally infringe the APPLIED Registrations.

**52.** Unless restrained by this Court, AHHE's infringement of the APPLIED Registrations will continue to cause serious and irreparable injury including loss of business reputation and goodwill, loss of sales and profits, and other losses – harm for which AIT has no adequate remedy at law.

## COUNT I

## 15 U.S.C. § 1114 – Infringement of U.S. Registration No. 2,133,862



**53.** AIT realleges and incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

**54.** The claim arises pursuant to 15 U.S.C. § 1114, Section 32 of the Lanham Act, for infringement of AIT's '862 Registration.  The mark of the '862 Registration includes a prominent display of the term "APPLIED" in all capital letters in a large font next to a substantially white in color stylized "A" over a dark background and includes the terms "Industrial Technologies," primarily in lowercase letters and presented in a font that is smaller than the term "APPLIED."

**55.** After the adoption, use and/or registration by AIT of the '862 Registration in connection with distributorship services in the field of industrial components, AHHE began using a mark that is confusingly similar to the '862 Registration in commerce in connection with at least its website that offers similar categories of products to those offered by AIT, marketing materials including, but not limited to, signage, catalogs, brochures, and third party websites.

**56.** Defendant began using its confusingly similar mark without AIT's authorization. Specifically, AHHE uses a mark that includes a prominent display of the term "APPLIED" in all capital letters and in a large font.

**57.**  Defendant's use of a white stylized *A"* over a dark background is confusingly similar to the mark of the '862 Registration.

**58.** Defendant's use of a mark that prominently features the word "APPLIED" in all capital letters over several other terms ("Home Healthcare Equipment") primarily in all lowercase letters

presented in a font that is smaller than the term "APPLIED", next to a substantially white stylized "*A*" over a dark background is confusingly similar to the mark of the '862 Registration.

**59.** Defendant's conduct is willful and with full knowledge of AIT's prior use of and rights in the '862 Registration.

**60.** Defendant's use of a mark that is confusingly similar to the '862 Registration is a violation of AIT's rights and constitutes infringement of the '862 Registration because such use is likely to cause confusion, mistake, and deception of consumers as to the source of AHHE's services.

**61.** AIT has been, is, and will continue to be irreparably harmed by Defendant's unauthorized use of a mark that is confusingly similar to the '862 Registration. In particular, because of AIT's inability to regulate the advertisements, marketing and quality of AHHE's service to consumers, Defendant's unauthorized use of a mark that is confusingly similar to the '862 Registration will cause injury to the valuable reputation and goodwill that AIT has developed in the '862 Registration.

**62.** As a direct and proximate result of Defendant's violation of AIT's trademark rights, AIT has been damaged by a loss of profits and sales.  Further, AHHE has benefited by its continued unauthorized use of a mark that is confusingly similar to AIT's mark of the '862 Registration, thereby realizing profits and sales it would not have otherwise obtained.  AIT has incurred attorney fees and costs to bring the present action.

**63.** AHHE is currently committing the acts alleged above and has refused to cease committing those acts after due notice of AIT's rights.  Unless AHHE is enjoined from continuing its wrongful acts, AIT will continue to be immediately and irreparably harmed.

**64.** AIT has no adequate remedy at law, and the balance of equities favors AIT.

**65.** The aforesaid wrongful acts of AHHE constitute a willful infringement of AIT's U.S. Trademark Registration No. 2,133,862 in violation of the Lanham Act, 15 U.S.C. § 1114.

**COUNT II**

**15 U.S.C. § 1114 – Infringement of U.S. Registration No. 2,109,995**



**66.** AIT realleges and incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

**67.** The claim arises pursuant to 15 U.S.C. § 1114, Section 32 of the Lanham Act, for infringement of AIT's '995 Registration.  The mark of the '995 Registration includes a substantially white in color stylized "*A*" over a dark background wherein the bridge portion connecting the two legs of the letter A extends from at a lower left corner to an upper right corner.

**68.** After the adoption, use and/or registration by AIT of the '995 Registration in connection with distributorship services in the field of industrial components, AHHE began using a mark that is confusingly similar to the '995 Registration in commerce in connection with at least its website that offers similar categories of products to those offered by AIT, marketing materials including, but not limited to, signage, catalogs, brochures, and third party websites.

**69.** Defendant began using its confusingly similar mark without AIT's authorization. Specifically, Defendant's use of a white stylized "*A*" over a dark background wherein the bridge portion connecting the two legs of the letter A extends from at a lower left corner to an upper right corner is confusingly similar to the mark of the '995 Registration.

**70.** Defendant's conduct is willful and with full knowledge of AIT's prior use of and rights in the '995 Registration.

**71.** Defendant's use of a mark that is confusingly similar to the '995 Registration is a violation of AIT's rights and constitutes infringement of the '995 Registration because such use is likely to cause confusion, mistake, and deception of consumers as to the source of AHHE's services.

**72.** AIT has been, is, and will continue to be irreparably harmed by Defendant's unauthorized use of a mark that is confusingly similar to the '995 Registration. In particular, because of AIT's inability to regulate the advertisements, marketing and quality of AHHE's service to consumers, Defendant's unauthorized use of a mark that is confusingly similar to the '995 Registration will cause injury to the valuable reputation and goodwill that AIT has developed in the '995 Registration.

**73.** As a direct and proximate result of Defendant's violation of AIT's trademark rights, AIT has been damaged by a loss of profits and sales.  Further, AHHE has benefited by its continued unauthorized use of a mark that is confusingly similar to AIT's mark of the '995 Registration, thereby realizing profits and sales it would not have otherwise obtained.  AIT has incurred attorney fees and costs to bring the present action.

**74.** AHHE is currently committing the acts alleged above and has refused to cease committing those acts after due notice of AIT's rights.  Unless AHHE is enjoined from continuing its wrongful acts, AIT will continue to be immediately and irreparably harmed.

**75.** AIT has no adequate remedy at law, and the balance of equities favors AIT.

**76.** The aforesaid wrongful acts of AHHE constitute a willful infringement of AIT's U.S. Trademark Registration No. 2,109,995 in violation of the Lanham Act, 15 U.S.C. § 1114.

## COUNT III

## 15 U.S.C. § 1114 – Infringement of U.S. Registration No. 2,135,072



**77.** AIT realleges and incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

**78.** This claim arises pursuant to 15 U.S.C. § 1114, Section 32 of the Lanham Act, for infringement of AIT's '072 Registration.  The mark of the '072 Registration includes a prominent display of the term "APPLIED" in all capital letters and in a large font next to a stylized "A."

**79.** After the adoption, use and/or registration by AIT of the '072 Registration in connection with distributorship services in the field of industrial components, AHHE began using a mark that is confusingly similar to the '072 Registration in commerce in connection with at least its website that offers similar categories of products to those offered by AIT, marketing materials including, but not limited to, signage, catalogs, brochures, and third party websites.

**80.** Defendant began using its confusingly similar mark without AIT's authorization. Specifically, AHHE uses a mark that includes a prominent display of the term "APPLIED" in all capital letters and in a large font.

**81.**  Defendant's use of a white stylized "*A*" over a dark background is confusingly similar to the mark of the '072 Registration.

**82.** Defendant's use of a mark that prominently features the word "APPLIED" in all capital letters next to a substantially white stylized "*A*" over a dark background is confusingly similar to the mark of the '072 Registration.

**83.** Defendant's conduct is willful and with full knowledge of AIT's prior use of and rights in the '072 Registration.

**84.** Defendant's use of a mark that is confusingly similar to the '072 Registration is a violation of AIT's rights and constitutes infringement of the '072 Registration because such use is likely to cause confusion, mistake, and deception of consumers as to the source of AHHE's services.

**85.** AIT has been, is, and will continue to be irreparably harmed by Defendant's unauthorized use of a mark that is confusingly similar to the '072 Registration. In particular, because of AIT's inability to regulate the advertisements and quality of AHHE's service to consumers, Defendant's unauthorized use of a mark that is confusingly similar to the '072 Registration will cause injury to the valuable reputation and goodwill that AIT has developed in the '072 Registration.

**86.** As a direct and proximate result of Defendant's violation of AIT's trademark rights, AIT has been damaged by a loss of profits and sales.  Further, AHHE has benefited by its continued unauthorized use of a mark that is confusingly similar to AIT's mark of the '072 Registration, thereby realizing profits and sales it would not have otherwise obtained.  AIT has incurred attorney fees and costs to bring the present action.

**87.** AHHE is currently committing the acts alleged above and has refused to cease committing those acts after due notice of AIT's rights.  Unless AHHE is enjoined from continuing its wrongful acts, AIT will continue to be immediately and irreparably harmed.

**88.** AIT has no adequate remedy at law, and the balance of equities favors AIT.

**89.** The aforesaid wrongful acts of AHHE constitute a willful infringement of AIT's U.S. Trademark Registration No. 2,135,072 in violation of the Lanham Act, 15 U.S.C. § 1114.

## COUNT IV

### 15 U.S.C. § 1114 – Infringement of U.S. Registration No. 2,156,021

### APPLIED INDUSTRIAL TECHNOLOGIES

**90.** AIT realleges and incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

**91.** This claim arises pursuant to 15 U.S.C. § 1114, Section 32 of the Lanham Act, for infringement of AIT's '021 Registration. The mark of the '021 Registration includes a first term of "APPLIED" followed by the terms "INDUSTRIAL TECHNOLOGIES."

**92.** After the adoption, use and/or registration by AIT of the '021 Registration in connection with distributorship services in the field of industrial components, AHHE began using a mark that is confusingly similar to the '021 Registration in commerce in connection with at least its website that offers similar categories of products to those offered by AIT, marketing materials including, but not limited to, signage, catalogs, brochures, and third party websites.

**93.** Defendant began using its confusingly similar mark without AIT's authorization. Specifically, AHHE uses a mark that includes "APPLIED" as a first term followed by "Home HealthCare Equipment"

**94.** Defendant's conduct is willful and with full knowledge of AIT's prior use of and rights in the '021 Registration.

**95.** Defendant's use of a mark that is confusingly similar to the '021 Registration is a violation of AIT's rights and constitutes infringement of the '021 Registration because such use is likely to cause confusion, mistake, and deception of consumers as to the source of AHHE's services.

**96.** AIT has been, is, and will continue to be irreparably harmed by Defendant's unauthorized use of a mark that is confusingly similar to the '021 Registration. In particular, because of AIT's

inability to regulate the advertisements and quality of AHHE's service to consumers, Defendant's unauthorized use of a mark that is confusingly similar to the '021 Registration will cause injury to the valuable reputation and goodwill that AIT has developed in the '021 Registration.

**97.** As a direct and proximate result of Defendant's violation of AIT's trademark rights, AIT has been damaged by a loss of profits and sales.  Further, AHHE has benefited by its continued unauthorized use of a mark that is confusingly similar to AIT's mark of the '021 Registration, thereby realizing profits and sales it would not have otherwise obtained.  AIT has incurred attorney fees and costs to bring the present action.

**98.** AHHE is currently committing the acts alleged above and has refused to cease committing those acts after due notice of AIT's rights.  Unless AHHE is enjoined from continuing its wrongful acts, AIT will continue to be immediately and irreparably harmed.

**99.** AIT has no adequate remedy at law, and the balance of equities favors AIT.

**100.** The aforesaid wrongful acts of AHHE constitute a willful infringement of AIT's U.S. Trademark Registration No. 2,156,021 in violation of the Lanham Act, 15 U.S.C. § 1114.

## COUNT V

### 15 U.S.C. § 1114 – Infringement of U.S. Registration No. 2,397,041

### APPLIED INDUSTRIAL TECHNOLOGIES

**101.** AIT realleges and incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

**102.** This claim arises pursuant to 15 U.S.C. § 1114, Section 32 of the Lanham Act, for infringement of AIT's '041 Registration.  The mark of the '041 Registration includes a first term of "APPLIED" followed by the terms "INDUSTRIAL TECHNOLOGIES."

103.     After the adoption, use and/or registration by AIT of the '041 Registration in connection with distributorship services in the field of industrial components, AHHE began using a mark that is confusingly similar to the '041 Registration in commerce in connection with at least its website that offers similar categories of products to those offered by AIT, marketing materials including, but not limited to, signage, catalogs, brochures, and third party websites.

104.     Defendant began using its confusingly similar mark without AIT's authorization. Specifically, AHHE uses a mark that includes "APPLIED" as a first term followed by "Home HealthCare Equipment"

105.     Defendant's conduct is willful and with full knowledge of AIT's prior use of and rights in the '041 Registration.

106.     Defendant's use of a mark that is confusingly similar to the '041 Registration is a violation of AIT's rights and constitutes infringement of the '041 Registration because such use is likely to cause confusion, mistake, and deception of consumers as to the source of AHHE's services.

107.     AIT has been, is, and will continue to be irreparably harmed by Defendant's unauthorized use of a mark that is confusingly similar to the '041 Registration. In particular, because of AIT's inability to regulate the advertisements and quality of AHHE's service to consumers, Defendant's unauthorized use of a mark that is confusingly similar to the '041 Registration will cause injury to the valuable reputation and goodwill that AIT has developed in the '041 Registration.

108.     As a direct and proximate result of Defendant's violation of AIT's trademark rights, AIT has been damaged by a loss of profits and sales.  Further, AHHE has benefited by its continued unauthorized use of a mark that is confusingly similar to AIT's mark of the '041

Registration, thereby realizing profits and sales it would not have otherwise obtained. AIT has incurred attorney fees and costs to bring the present action.

**109.** AHHE is currently committing the acts alleged above and has refused to cease committing those acts after due notice of AIT's rights. Unless AHHE is enjoined from continuing its wrongful acts, AIT will continue to be immediately and irreparably harmed.

**110.** AIT has no adequate remedy at law, and the balance of equities favors AIT.

**111.** The aforesaid wrongful acts of AHHE constitute a willful infringement of AIT's U.S. Trademark Registration No. 2,397,041 in violation of the Lanham Act, 15 U.S.C. § 1114.

## COUNT VI

### 15 U.S.C. § 1114 – Infringement of U.S. Registration No. 2,485,215

#### APPLIED

**112.** AIT realleges and incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

**113.** This claim arises pursuant to 15 U.S.C. § 1114, Section 32 of the Lanham Act, for infringement of AIT's '215 Registration.

**114.** After the adoption, use and/or registration by AIT of the '215 Registration in connection with distributorship services in the field of industrial components, AHHE began using the '215 Registration in commerce in connection with at least its websites that offer similar categories of products to those offered by AIT, marketing materials including, but not limited to, signage, catalogs, brochures, and third party websites.

**115.** Defendant began using the term APPLIED without AIT's authorization.

116.     Defendant's conduct is willful and with full knowledge of AIT's prior use of and rights in the '215 Registration.

117.     Defendant's use of the '215 Registration is a violation of AIT's rights and constitutes infringement of the '215 Registration because such use is likely to cause confusion, mistake, and deception of consumers as to the source of AHHE's services.

118.     AIT has been, is, and will continue to be irreparably harmed by Defendant's unauthorized use of the '215 Registration. In particular, because of AIT's inability to regulate the advertisements and quality of AHHE's service to consumers, Defendant's unauthorized use of the '215 Registration will cause injury to the valuable reputation and goodwill that AIT has developed in the '215 Registration.

119.     As a direct and proximate result of Defendant's violation of AIT's trademark rights, AIT has been damaged by a loss of profits and sales.  Further, AHHE has benefited by its continued unauthorized use of the '215 Registration, thereby realizing profits and sales it would not have otherwise obtained.  AIT has incurred attorney fees and costs to bring the present action.

120.     AHHE is currently committing the acts alleged above and has refused to cease committing those acts after due notice of AIT's rights.  Unless AHHE is enjoined from continuing its wrongful acts, AIT will continue to be immediately and irreparably harmed.

121.     AIT has no adequate remedy at law, and the balance of equities favors AIT.

122.     The aforesaid wrongful acts of AHHE constitute a willful infringement of AIT's U.S. Trademark Registration No. 2,485,215 in violation of the Lanham Act, 15 U.S.C. § 1114.

## COUNT VII

## 15 U.S.C. § 1114 – Infringement of U.S. Registration No. 4,708,781



123.     AIT realleges and incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

124.     The claim arises pursuant to 15 U.S.C. § 1114, Section 32 of the Lanham Act, for infringement of AIT's '781 Registration.  The mark of the '781 Registration includes a prominent display of the term "APPLIED" in all capital letters in a large font next to a substantially white in color stylized "A" over a dark background and includes the terms "Maintenance Supplies & Solutions," primarily in lowercase letters and presented in a font that is smaller than the term "APPLIED."

125.     After the adoption, use and/or registration by AIT of the '781 Registration in connection with distributorship services in the field of industrial components, AHHE began using a mark that is confusingly similar to the '781 Registration in commerce in connection with at least its website that offers similar categories of products to those offered by AIT, marketing materials including, but not limited to, signage, catalogs, brochures, and third party websites.

126.     Defendant began using its confusingly similar mark without AIT's authorization. Specifically, AHHE uses a mark that includes a prominent display of the term "APPLIED" in all capital letters and in a large font.

127.      Defendant's use of a white stylized "*A*" over a dark background is confusingly similar to the mark of the '781 Registration.

128.     Defendant's use of a mark that prominently features the word "APPLIED" in all capital letters over several other terms ("Home Healthcare Equipment") primarily in all lowercase

letters presented in a font that is smaller than the term "APPLIED", next to a substantially white stylized "*A*" over a dark background is confusingly similar to the mark of the '781 Registration.

129.     Defendant's conduct is willful and with full knowledge of AIT's prior use of and rights in the '781 Registration.

130.     Defendant's use of a mark that is confusingly similar to the '781 Registration is a violation of AIT's rights and constitutes infringement of the '781 Registration because such use is likely to cause confusion, mistake, and deception of consumers as to the source of AHHE's services.

131.     AIT has been, is, and will continue to be irreparably harmed by Defendant's unauthorized use of a mark that is confusingly similar to the '781 Registration. In particular, because of AIT's inability to regulate the advertisements, marketing and quality of AHHE's service to consumers, Defendant's unauthorized use of a mark that is confusingly similar to the '781 Registration will cause injury to the valuable reputation and goodwill that AIT has developed in the '781 Registration.

132.     As a direct and proximate result of Defendant's violation of AIT's trademark rights, AIT has been damaged by a loss of profits and sales.  Further, AHHE has benefited by its continued unauthorized use of a mark that is confusingly similar to AIT's mark of the '781 Registration, thereby realizing profits and sales it would not have otherwise obtained.  AIT has incurred attorney fees and costs to bring the present action.

133.     AHHE is currently committing the acts alleged above and has refused to cease committing those acts after due notice of AIT's rights.  Unless AHHE is enjoined from continuing its wrongful acts, AIT will continue to be immediately and irreparably harmed.

134.     AIT has no adequate remedy at law, and the balance of equities favors AIT.

135.    The aforesaid wrongful acts of AHHE constitute a willful infringement of AIT's U.S. Trademark Registration No. 4,708,781 in violation of the Lanham Act, 15 U.S.C. § 1114.

## COUNT VIII

## 15 U.S.C. § 1114 – Infringement of U.S. Registration No. 4,791,157



136.    AIT realleges and incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

137.    The claim arises pursuant to 15 U.S.C. § 1114, Section 32 of the Lanham Act, for infringement of AIT's '157 Registration.  The mark of the '157 Registration includes a substantially white in color stylized "A" over a dark background wherein the bridge portion connecting the two legs of the letter A extends from at a lower left corner to an upper right corner.

138.    After the adoption, use and/or registration by AIT of the '157 Registration in connection with distributorship services in the field of industrial components, AHHE began using a mark that is confusingly similar to the '157 Registration in commerce in connection with at least its website that offers similar categories of products to those offered by AIT, marketing materials including, but not limited to, signage, catalogs, brochures, and third party websites.

139.    Defendant began using its confusingly similar mark without AIT's authorization. Specifically, Defendant's use of a white stylized "A" over a dark background wherein the bridge portion connecting the two legs of the letter A extends from at a lower left corner to an upper right corner is confusingly similar to the mark of the '157 Registration.

140.    Defendant's conduct is willful and with full knowledge of AIT's prior use of and rights in the '157 Registration.

141.     Defendant's use of a mark that is confusingly similar to the '157 Registration is a violation of AIT's rights and constitutes infringement of the '157 Registration because such use is likely to cause confusion, mistake, and deception of consumers as to the source of AHHE's services.

142.     AIT has been, is, and will continue to be irreparably harmed by Defendant's unauthorized use of a mark that is confusingly similar to the '157 Registration. In particular, because of AIT's inability to regulate the advertisements, marketing and quality of AHHE's service to consumers, Defendant's unauthorized use of a mark that is confusingly similar to the '157 Registration will cause injury to the valuable reputation and goodwill that AIT has developed in the '157 Registration.

143.     As a direct and proximate result of Defendant's violation of AIT's trademark rights, AIT has been damaged by a loss of profits and sales.  Further, AHHE has benefited by its continued unauthorized use of a mark that is confusingly similar to AIT's mark of the '157 Registration, thereby realizing profits and sales it would not have otherwise obtained.  AIT has incurred attorney fees and costs to bring the present action.

144.     AHHE is currently committing the acts alleged above and has refused to cease committing those acts after due notice of AIT's rights.  Unless AHHE is enjoined from continuing its wrongful acts, AIT will continue to be immediately and irreparably harmed.

145.     AIT has no adequate remedy at law, and the balance of equities favors AIT.

146.     The aforesaid wrongful acts of AHHE constitute a willful infringement of AIT's U.S. Trademark Registration No. 4,791,157 in violation of the Lanham Act, 15 U.S.C. § 1114.

## COUNT XI

### 15 U.S.C. § 1114 – Infringement of U.S. Registration No. 5,147,533

#### APPLIED FLUID POWER

**147.**     AIT realleges and incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

**148.**     This claim arises pursuant to 15 U.S.C. § 1114, Section 32 of the Lanham Act, for infringement of AIT's '533 Registration.  The mark of the '533 Registration includes a first term of "APPLIED" followed by the terms "FLUID POWER."

**149.**     After the adoption, use and/or registration by AIT of the '533 Registration in connection with distributorship services in the field of industrial components, AHHE began using a mark that is confusingly similar to the '533 Registration in commerce in connection with at least its website that offers similar categories of products to those offered by AIT, marketing materials including but not limited to signage, catalogs, brochures, and third party websites.

**150.**     Defendant began using its confusingly similar mark without AIT's authorization. Specifically, AHHE uses a mark that includes "APPLIED" as a first term followed by "Home HealthCare Equipment."

**151.**     Defendant's conduct is willful and with full knowledge of AIT's prior use of and rights in the '533 Registration.

**152.**     Defendant's use of a mark that is confusingly similar to the '533 Registration is a violation of AIT's rights and constitutes infringement of the '533 Registration because such use is likely to cause confusion, mistake, and deception of consumers as to the source of AHHE's services.

153.    AIT has been, is, and will continue to be irreparably harmed by Defendant's unauthorized use of a mark that is confusingly similar to the '533 Registration. In particular, because of AIT's inability to regulate the advertisements and quality of AHHE's service to consumers, Defendant's unauthorized use of a mark that is confusingly similar to the '533 Registration will cause injury to the valuable reputation and goodwill that AIT has developed in the '533 Registration.

154.    As a direct and proximate result of Defendant's violation of AIT's trademark rights, AIT has been damaged by a loss of profits and sales.  Further, AHHE has benefited by its continued unauthorized use of a mark that is confusingly similar to AIT's mark of the '533 Registration, thereby realizing profits and sales it would not have otherwise obtained.  AIT has incurred attorney fees and costs to bring the present action.

155.    AHHE is currently committing the acts alleged above and has refused to cease committing those acts after due notice of AIT's rights.  Unless AHHE is enjoined from continuing its wrongful acts, AIT will continue to be immediately and irreparably harmed.

156.    AIT has no adequate remedy at law, and the balance of equities favors AIT.

157.    The aforesaid wrongful acts of AHHE constitute a willful infringement of AIT's U.S. Trademark Registration No. 2,147,533 in violation of the Lanham Act, 15 U.S.C. § 1114.

## COUNT X

### 15 U.S.C. § 1114 – Infringement of U.S. Registration No. 5,192,653

### APPLIED FLUID POWER

158.    AIT realleges and incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

159.     This claim arises pursuant to 15 U.S.C. § 1114, Section 32 of the Lanham Act, for infringement of AIT's '653 Registration.  The mark of the '653 Registration includes a first term of "APPLIED" followed by the terms "FLUID POWER."

160.     After the adoption, use and/or registration by AIT of the '653 Registration in connection with distributorship services in the field of industrial components, AHHE began using a mark that is confusingly similar to the '653 Registration in commerce in connection with at least its website that offers similar categories of products to those offered by AIT, marketing materials including, but not limited to, signage, catalogs, brochures, and third party websites.

161.     Defendant began using its confusingly similar mark without AIT's authorization. Specifically, AHHE uses a mark that includes "APPLIED" as a first term followed by "Home HealthCare Equipment."

162.     Defendant's conduct is willful and with full knowledge of AIT's prior use of and rights in the '653 Registration.

163.     Defendant's use of a mark that is confusingly similar to the '653 Registration is a violation of AIT's rights and constitutes infringement of the '653 Registration because such use is likely to cause confusion, mistake, and deception of consumers as to the source of AHHE's services.

164.     AIT has been, is, and will continue to be irreparably harmed by Defendant's unauthorized use of a mark that is confusingly similar to the '653 Registration. In particular, because of AIT's inability to regulate the advertisements and quality of AHHE's service to consumers, Defendant's unauthorized use of a mark that is confusingly similar to the '653 Registration will cause injury to the valuable reputation and goodwill that AIT has developed in the '653 Registration.

165.     As a direct and proximate result of Defendant's violation of AIT's trademark rights, AIT has been damaged by a loss of profits and sales.  Further, AHHE has benefited by its continued unauthorized use of a mark that is confusingly similar to AIT's mark of the '653 Registration, thereby realizing profits and sales it would not have otherwise obtained.  AIT has incurred attorney fees and costs to bring the present action.

166.     AHHE is currently committing the acts alleged above and has refused to cease committing those acts after due notice of AIT's rights.  Unless AHHE is enjoined from continuing its wrongful acts, AIT will continue to be immediately and irreparably harmed.

167.     AIT has no adequate remedy at law, and the balance of equities favors AIT.

168.     The aforesaid wrongful acts of AHHE constitute a willful infringement of AIT's U.S. Trademark Registration No. 5,192,653 in violation of the Lanham Act, 15 U.S.C. § 1114.

## COUNT XI

### 15 U.S.C. § 1125(a) – False Designation of Origin and Unfair Competition

169.     AIT realleges and incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

170.     This Count arises pursuant to 15 U.S.C. § 1125(a), Section 43(a) of the Lanham Act, for false designation, description, and representation of goods and services as to their nature and origin.

171.     After the adoption, use and/or registration by AIT of the trademarks subject of the APPLIED Registrations in connection with distributorship services and products in the field of industrial components, AHHE began using a confusingly similar mark in commerce in connection

with at least its websites that offer similar categories of products to those offered by AIT and marketing materials.

**172.**    AHHE's use of marks similar to the marks subject of AIT's APPLIED Registrations is likely to cause confusion, mistake, and deceive consumers as to the affiliation, connection, or association with AIT or as to the origin sponsorship, or approval of AHHE's goods, services, or commercial activities by AIT.

**173.**    AHHE is not authorized or licensed to use the marks subject of the APPLIED Registrations.  Despite these facts, AHHE has used and continues to use marks similar or identical to the marks subject of the APPLIED Registrations in a manner likely to cause confusion or mistake as to the origin of distributorship services.  AHHE is deceptively leading consumers to believe that its goods and services are sponsored or otherwise approved by AIT, in violation of Section 43(a) if the Lanham Act, 15 U.S.C. 1125(a).

**174.**    AHHE has committed, is now committing, and will continue to commit the acts described above, because AHHE has refused to cease committing those acts after due notice of AIT's rights and will continue the same unless enjoined by this Court.

**175.**    AHHE is intentionally and willful deceiving the public while depriving AIT of the sales and profits it would otherwise obtain and has irreparably damaged the valuable reputation and goodwill.

**176.**    AIT has no adequate remedy at law, and the balance of equities favors AIT.

## COUNT XII

### Ohio Revised Code § 4165.02 *et seq.* – Unfair Competition

**177.** AIT realleges and incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

**178.** The acts and conduct of AHHE as alleged above constitute unfair competition as defined by the Ohio Revised Code §§ 1345.05 and 4165.02, *et seq.*

**179.** AHHE, among other things, is likely to cause or have caused confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods and services or confusion among customers and the public as to AIT's sponsorship, approval or certification of Defendant's commercial activities including but not limited to AHHE's websites and marketing.

**180.** Defendant's conduct as alleged above has damaged and will continue to damage AIT's goodwill and reputation and has resulted in losses to AIT and an illicit gain of profit to AHHE in an amount that is unknown at the present time.

## COUNT XIII

### Common Law Unfair Competition

**181.** AIT realleges and incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

**182.** Defendant's acts constitute unfair competition and misappropriation of AIT's trademarks and goodwill under the common law of the State of Ohio.

**183.** Defendant's acts are intended to attract attention to Defendant's goods, services and websites and thereby, gain a commercial advantage by attracting business through the use of AIT's goodwill.

**184.** Defendant's activities have caused and will cause irreparable harm, damage, and injury to AIT, for which AIT has no adequate remedy at law.

**185.** The activities of AHHE have damaged, are damaging, and will continue to damage AIT in an amount as yet undetermined.

## COUNT XIV

### Common Law Unfair Competition

**186.** AIT realleges and incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

**187.** AIT is entitled to recover its attorney fees and expenses pursuant to 15 U.S.C. § 1117 for at least the reason that Defendant's infringement is malicious, fraudulent and deliberate.

## PRAYER FOR RELIEF

Wherefore, AIT prays for the following relief:

(A)   Entry of judgment against AHHE for all counts in the Complaint and a permanent injunction ordering that AHHE, its affiliates and subsidiaries, and all those acting in concert or participation with it, shall not market, offer, or sell, directly or indirectly any good or service that infringes AIT's APPLIED Registrations;

(B)   That AIT recovers its damages incurred as a result of Defendant's continued unauthorized use of the APPLIED Registrations, including without limitation the revenues and profits received by AHHE from its use of the APPLIED Registrations, said amounts to be trebled, or in the alternative, the Court award statutory damages of two million dollars ($2,000,000) for each Registration infringed by AHHE;

(C)     That AIT recovers its reasonable attorney fees and expenses incurred in connection with bringing this action;

(D)     An Order requiring AHHE, its principals, servants, officers, directors, partners, agents, representatives, shareholders, employees, affiliates, successors, and assigns, and all those acting in concert or participation with them, to cease any and all use of the APPLIED Registrations through any and all marketing, promoting, and advertising common to the trade;

(E)     That all costs of this action be charged against AHHE;

(F)     That the Court find Defendant's conduct to be willful and wanton;

(G)     That the Court finds this to be an exceptional case; and

(H)     That the Court grant such other and further relief as it deems just and proper.

                                        Respectfully submitted,


Date:  February 11, 2019              /s/Brian E. Turung
                                      Brian E. Turung (Bar No. 0052034)
                                      FAY SHARPE LLP
                                      The Halle Building, 5th Floor
                                      1228 Euclid Avenue
                                      Cleveland, Ohio 44115-1843
                                      Phone:  216.363.9000
                                      Fax:  216.363.9001
                                      E-Mail:  bturung@faysharpe.com

                                      Attorney for Plaintiff
                                      Applied Industrial Technologies

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2019, a copy of the foregoing **COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION** was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Brian E. Turung
Brian E. Turung (Bar No. 0052034)
FAY SHARPE LLP
The Halle Building, 5th Floor
1228 Euclid Avenue
Cleveland, Ohio 44115-1843
Phone: 216.363.9000
Fax: 216.363.9001
E-Mail: bturung@faysharpe.com

Attorney for Plaintiff
Applied Industrial Technologies